UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21671-CIV-MOORE/SIMONTON

MONICA RODRIGUEZ, individually,

    Plaintiff,

v.

SMI SECURITY MANAGEMENT, INC.,

    Defendants.
_____/

## ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO COMPEL AND SECOND MOTION TO COMPEL DEFENDANT TO PROVIDE BETTER ANSWERS TO DISCOVERY REQUESTS AND GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories and Request for Production (DE # 27), Defendant's Motion to Compel Plaintiff to Provide Better Answers to Interrogatories and Fully Produce Documents (DE # 32) and Plaintiff's Second Motion to Compel Defendant to Provide Better Answers to Amended Second Request for Production of Documents (DE # 34).  Also pending before the Court is the Agreed Plaintiff's Motion for Order Shortening Time for Discovery Responses to the Extent Necessary to Coincide with Depositions (DE # 24).[1]  All pretrial discovery matters have been referred to the undersigned Magistrate Judge (DE # 4).

A hearing on the Motions was held on December 10, 2009.  Based upon the arguments made by Counsel at the hearing, the Parties' submissions and a review of the

---

[1] The Agreed Plaintiff's Motion (DE # 24) also requested that the discovery deadline in the case be extended until December 23, 2009.  On November 30, 2009, the Honorable K. Michael Moore entered an order granting that part of the Motion that requested an extension of the discovery deadline and referring that portion of the motion seeking expedited document production to the undersigned (DE # 25).

record and for the reasons as stated at the hearing and set forth below, Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories and Request for Production (DE # 27) is GRANTED in part;  Defendant's Motion to Compel Plaintiff to Provide Better Answers to Interrogatories and Fully Produce Documents (DE # 32) is GRANTED; and, Plaintiff's Second Motion to Compel Defendant to Provide Better Answers to Amended Second Request for Production of Documents (DE # 34) is GRANTED in part.

I.      BACKGROUND

This matter was initiated when Plaintiff, Monica Rodriguez filed a Complaint pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., alleging that Defendant, SMI Security Management, Inc., ("SMI") discriminated against her by terminating her employment while she was on medical leave, failing to restore her employment following medical leave, and retaliating against her for exercising her rights under the FMLA (DE # 1).  Specifically, Plaintiff alleges that she was hired as a Human Resources Manager by the Defendant in May 2, 2006, underwent surgery for a brain tumor on February 9, 2009 and was slated to return to work on March 23, 2009.  Plaintiff alleges that she was advised by SMI on March 21, 2009 that her employment would be terminated (DE # 1 at 2-3).  The Complaint seeks, *inter alia*, compensatory damages, liquidated damages and equitable relief in the form of reinstatement.

In its Answer, Defendant raised as one of its affirmative defenses that the Plaintiff was terminated for legitimate good-faith reasons because the company underwent a reduction in the workforce (DE # 7). In addition, Defendant also asserted that Plaintiff failed to mitigate her damages.

The Parties have now both filed Motions to Compel responses and documents to

certain of their respective discovery requests. The undersigned held a hearing on December 12, 2009 wherein all of the Motions were addressed. This Order incorporates the rulings made from the bench at that hearing.

II.     MOTIONS TO COMPEL

      A.     Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories and Request for Production

Plaintiff filed her Motion seeking to compel the Defendant to provide certain documents and information responsive to Plaintiff's First Set of Interrogatories and Request for Production (DE # 27). In that Motion, Plaintiff asserted that although the Defendant provided responses to the Plaintiff's discovery requests, that the responses were either incomplete or improperly objected to by the Defendant. In addition, Plaintiff asserted that Defendant failed to provide several of the documents that it had agreed that it would produce to the Plaintiff. After the undersigned set the matter for a hearing (DE # 29), the Defendant filed an expedited response to the Motion (DE # 31). In that Response, Defendant indicated that all disputes regarding Plaintiff's first set of discovery requests and set forth in Plaintiff's Motion to Compel, had been resolved, except for Interrogatory 9, which provided:

    **INTERROGATORY ITEM NUMBER 9**

> State the name, race, national origin, age, gender, job classification, and reason for separation of all persons that have been terminated or laid off from employment with the Defendant or that have resigned, or that have otherwise left the employ of Defendant from 2004 through the present....

Defendant objected to this Interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because according to Defendant, "race" "national origin", "age" and "gender" bore no relevance to Plaintiff's claims under the

3

FMLA. Defendant also objected to the time frame of the information sought in the request. However, Defendant also indicated that it had already produced "Employee Termination Reports" for the months of February through June 2009, which contained the information sought in the Plaintiff's request.

At the hearing on the Motion, the Parties confirmed that all disputes raised in the Motion had been resolved except for the Defendant's Response to Interrogatory 9. Plaintiff asserted that it requested the information in that Interrogatory to refute the Defendant's assertion that the Plaintiff's termination was part of a reduction of force rather than a response to her medical leave and that most of the information contained in the Termination Reports produced by the Defendant related to security guards, rather than employees similarly situated as the Plaintiff, and that historically there was a high rate of turnover for security guards. Defendant maintained that such information was not relevant.

Under the FMLA, in order to establish a prima facie case of retaliation a plaintiff must show that: (1) [s]he engaged in statutorily protected activity; (2) [s]he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2006), *citing Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). In addition, if the plaintiff makes out a prima facie case, the burden then shifts to the defendant to articulate a legitimate reason for the adverse action. *Id*. If the defendant does so, the plaintiff must then show that the defendant's proffered reason for the adverse action is pretextual. *Id.*

Thus, under the present state of the pleadings, the Plaintiff has the burden of demonstrating that the Defendant's claim that the Plaintiff was terminated due to a

4

reduction in force is pretextual. The information sought in Interrogatory 9 is relevant to this determination since it may establish that there was no actual reduction in force, but only a routine turnover of employees.

In addition, the undersigned concludes, based upon the Defendant's statements at the hearing on the Motion, that obtaining the requested information and providing the same to the Plaintiff is not unduly burdensome because the information is computer generated and is generally maintained in Defendant's Employee Termination Reports. The request is overbroad, however, to the extent is seeks records from 2004 to the present, which is well over three years before Plaintiff was terminated. Therefore, the scope of the request is limited to terminations which occurred between the date that the Plaintiff was hired (May 2, 2006), and the present. Finally, the Plaintiff has not disputed the Defendant's contention that information regarding the race, national origin, and gender of the terminated employees is not relevant to the issues in this FMLA case, and the undersigned concurs. Therefore, the information which must be produced is limited to the name, job classification and reason for separation.

In sum, Plaintiff's Motion to Compel is Granted, in part. By 12:00 pm (noon) on Monday, December 14, 2009, the Defendant shall produce to the Plaintiff the following information as requested in Interrogatory Number 9 of Plaintiff's First Set of Interrogatories: the name, job classification and reason for separation of all of Defendant's employees between the date Plaintiff was hired (May 6, 2009) through the present. Production by this date should enable the Plaintiff to review the records prior to the deposition of Defendant's President, Karina Aponte. This information may be produced to the Plaintiff in the same format as the Employee Termination Report attached to Plaintiff's Second Motion to Compel (DE # 34-1) and referred to in Request #3

of Plaintiff's Amended Second Request for Production (DE # 34 at 2).

      B.      Plaintiff's Second Motion to Compel Defendant to Provide Better Answers to Amended Second Request for Production of Documents (DE # 34)

This Motion was filed on December 9, 2009, the evening before the hearing on Plaintiff's First Motion to Compel, and thus Defendant did not have an opportunity to respond in writing to the Motion. However, this motion is directly related to the preceding motion and, at the hearing, the Parties agreed to present arguments on the Motion. The undersigned made rulings from the bench which are set forth below.

In this Motion, the Plaintiff seeks to compel the production of the Employee Hiring Report and the Employee Termination Report for the dates between January 1, 2006 and the present, as requested by the Plaintiff in her Amended Second Request for Production of Documents, Requests # 3 and 4, respectively. In addition, Plaintiff seeks Employee Master Reports for the date of Plaintiff's termination and the date of the request, *i.e.*, November 18, 2009, as described in Request # 5 of Plaintiff's Amended Second Request for Production (DE # 34 at 2).

At the hearing, the Defendant indicated that it had already provided the Employee Hiring Report and Employee Termination Report from February 1, 2009 through May 31, 2009. The Defendant noted at the hearing that it had agreed to provide the requested Employee Master Reports, but had failed to do so since counsel needed time to review the Reports prior to producing them. The Defendant noted that the Plaintiff had only served her request for Employee Hiring Report and Employee Master Report through her Second Amended Request for Production served on November 18, 2009, and thus Defendant's time for responding to the request had not yet lapsed. Defendant further asserted that it believed that the time frame identified by the Plaintiff in the requests was

too broad and sought information that was not relevant to Plaintiff's claims.

The undersigned concludes that, for the reasons discussed above regarding information sought in Interrogatory 9, such reports are relevant to Plaintiff's claims and are therefore discoverable. In particular, the documents may provide evidence of whether there was a reduction in force and also whether replacement employees were hired by the Defendant. Such information is not only relevant to any claims of pretext, but may also be relevant to Plaintiff's request that she be reinstated to her former position. In addition, the undersigned again finds that the Defendant is not unduly burdened by having to produce the requested reports. Rather, the Reports can be generated from a computer with relative ease. The undersigned further concludes that the time frame for the Hiring Report should be limited to the same dates as the Termination Report, *i.e.*, from the date the Plaintiff was hired (May 2, 2006) to the present.

Therefore, Plaintiff's Second Motion to Compel Defendant to Provide Better Answers to Amended Second Request for Production of Documents (DE # 34) is Granted, in part. By 12:00 p.m. on Monday, December 14, 2009, the Defendant shall produce to the Plaintiff the Employee Hiring Report and the Employee Termination Report for the date range of May 2, 2006 through the present; and shall also produce the requested Employee Master Reports. If the Defendant fails to timely produce these reports, a continued deposition of the Defendant's President may be required prior to the December 23, 2009 discovery deadline.

      **C.**      **Defendant's Motion to Compel Plaintiff to Provide Better Answers to Interrogatories and Fully Produce Documents**

The Defendant's Motion to Compel (DE # 32) was filed on December 9, 2009, the day before the hearing on Plaintiff's Motion to Compel, and thus Plaintiff did not have an opportunity to respond in writing to the Motion. However, at the hearing, the Parties agreed to argue and resolve the Defendant's Motion to Compel. Thus, the Court heard from both Parties on the Motion and made rulings from the bench, which are incorporated herein.

      **1.**      <u>**Interrogatory # 6, Damage Calculations**</u>

Defendant seeks to have the Plaintiff provide specific damage calculations, including calculations for compensatory and punitive damages in response to Defendant's Interrogatory # 6 contained in Defendant's First Set of Interrogatories. In the written response to that Interrogatory, the Plaintiff asserted among other things that she had not yet calculated the amount of intangible damages and would possibly leave that issue to the jury's discretion.

The undersigned concludes that pursuant to Rule 26(a)(1)(a)(iii) of the Federal Rules of Civil Procedure which requires parties to provide "a computation of each category of damages claimed by the disclosing party" that the Plaintiff must provide the requested damage calculations to the Defendant. This disclosure is particularly appropriate at this juncture because the discovery deadline date is December 23, 2009.

Accordingly, Plaintiff's Counsel shall provide to the Defendant, in response to Interrogatory #6, the individual specific damage calculations for all damages that Plaintiff seeks in this litigation by the close of business on Friday, December 18, 2009.

      2.      <u>**Interrogatory # 11-Plaintiff's attempt to secure other employment**</u>

Defendant also seeks to compel Plaintiff to provide better answers to Defendant's Interrogatory # 11 which requested the Plaintiff to "describe all efforts undertaken by you to find employment since the termination of your employment with the Defendant." In her written response, Plaintiff merely described her efforts as "thorough" and "challenging" but did not reference any specific job employment searches.

The undersigned concludes, particularly in light of Defendant's affirmative defense that Plaintiff failed to mitigate her damages, that the information sought by this Interrogatory is relevant to this action and Plaintiff must provide a more specific answer to the inquiry. Therefore, Plaintiff shall provide a more complete answer to this request by the close of business on Friday, December 18, 2009. As discussed at the hearing, the Plaintiff may respond to this request by referring the Defendant to documents that reflect Plaintiff's efforts to find other employment. However, as the undersigned advised the Parties at the hearing, the Plaintiff's evidence and/or testimony regarding her efforts to secure subsequent employment will be limited to the information explicitly provided by Plaintiff in either the documents referenced in her response to Defendant's request and/or stated in her supplementary written response to the Interrogatory.

      3.      <u>**Documents Reflecting Plaintiff's Efforts to Obtain New Employment after her Termination**</u>

Plaintiff has agreed to produce these documents, and as stated above, these documents may also be used to respond to Interrogatory # 3.

**III.**    <u>**CONCLUSION**</u>

Accordingly, it is

**ORDERED AND ADJUDGED** that the Agreed Plaintiff's Motion for Order

Shortening Time for Discovery Responses to the Extent Necessary to Coincide with Depositions (DE # 24) is **DENIED as moot,** based upon the deadlines set forth in this Order.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel Defendant to Provide Better Answers to Interrogatories and Request for Production (DE # 27) and Plaintiff's Second Motion to Compel Defendant to Provide Better Answers to Amended Second Request for Production of Documents (DE # 34) are **GRANTED, in part**, as described in the body of this Order.  Such discovery must be produced by 12:00 p.m. on Monday, December 14, 2009.  It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Plaintiff to Provide Better Answers to Interrogatories and Fully Produce Documents (DE # 32) is **GRANTED.**  Such discovery must be produced by the close of business on Friday, December 18, 2009.

**DONE AND ORDERED** in chambers in Miami, Florida on December 10, 2009.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable K. Michael Moore,
    United States District Judge
All counsel of record